United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BALDUCCI,
Plaintiff,
v.
CONGO, LTD.,
Defendant.

Case No. 17-cv-04062-KAW

**ORDER GRANTING MOTION TO DISMISS OR TRANSFER VENUE**

Re: Dkt. No. 4

Plaintiff Michael Balducci filed the instant suit against Defendant Congo, Ltd., alleging that Defendant wrongfully terminated his employment to avoid providing him with stock benefits. (Compl. ¶ 14, Dkt. No. 1-2.) On July 19, 2017, Defendant removed the case from the San Francisco County Superior Court, on the basis of diversity jurisdiction. (Not. of Removal ¶ 6, Dkt. No. 1.) Defendant now moves to dismiss the case for lack of personal jurisdiction, improper venue, and forum non conveniens, or to transfer venue. (Def.'s Mot., Dkt. No. 4.)

Upon consideration of the parties' filings, as well as the arguments presented at the September 21, 2017 hearing, and for the reasons set forth below, the Court GRANTS Defendant's motion and TRANSFERS the case to the United States District Court, District of Colorado.

## I. BACKGROUND

Defendant is a Colorado corporation whose corporate headquarters are located in Austin, Texas. (Compl. ¶ 2.) Defendant operates an online platform that connects users with attorneys. (Compl. ¶ 2.) In July 2016, Plaintiff began his employment with Defendant as Chief Marketing Officer ("CMO"). (Compl. ¶ 8.) Plaintiff's employment was pursuant to an employment agreement ("Agreement"), which contained the following clause:

> 13. **GOVERNING LAW; VENUE; JURISDICTION; JURY TRIAL**

> **Waiver.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Colorado without giving effect to any choice or conflict of law provision or rule (whether of the State of Colorado or any other jurisdiction) that would cause the application of Laws of any jurisdiction other than those of the State of Colorado. The parties agree that any action or proceeding commenced under or with respect to this Agreement shall be brought only in Colorado state courts of the county or district courts of Boulder, Colorado or the federal district courts of the District of Colorado located in Denver, and the parties irrevocably consent to the personal jurisdiction of such courts and waive any right to alter or change venue, including by removal. Service of process, summons, notice or other documents by mail to such party's address set forth herein shall be effective service or process for any suit, action or other proceeding brought in any such court. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or any proceeding in such courts and irrevocably waive and agree not to plead or claim in any such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. **THE PARTIES HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO OR IN CONNECTION WITH THIS AGREEMENT**.

(Ogorzaly Decl., Exh. 1 ("Agreement") ¶ 13, Dkt. No. 4-2.) The Agreement also specified that Plaintiff could only be terminated for cause after Plaintiff failed to cure a failure or breach of duties within 10 days of being given notice of such failure or breach. (Compl. ¶ 9; Agreement ¶ 9(a).) The Agreement provided that Plaintiff would be compensated 150,000 shares of stock and additional stock options upon completion of certain financing or revenue milestones. (Compl. ¶ 11.)

On January 18, 2017, Defendant terminated Plaintiff's employment. (Compl. ¶ 12.) Plaintiff alleges that he was terminated without cause and without written notice or opportunity to cure any alleged problems, and that he was terminated immediately before he would have received additional shares. Plaintiff alleges that he was terminated so that Defendant could avoid providing him with his stock shares. (Compl. ¶ 14.) Plaintiff also asserts that his termination was the result of his reporting illegal and/or unethical actions by Defendant and Defendant's employees. (Compl. ¶ 15.) Plaintiff alleges that he has not been paid any wages for the length of his employment, and that he has not been reimbursed for any costs he personally paid for work-related travel and costs. (Compl. ¶¶ 16-17.)

Based on these actions, Plaintiff brought the instant suit in San Francisco County Superior

Court, alleging claims of: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) failure to compensate for all hours worked, (4) failure to pay minimum wage, (5) failure to reimburse expenses and/or prohibited cash bond, (6) failure to pay final wages on time, (7) promissory estoppel, (8) unlawful retaliation in violation of public policy, (9) fraud and deceit, and (10) quantum meruit. Defendant subsequently removed the case to federal court, and filed the instant motion to dismiss for lack of personal jurisdiction, improper venue, and forum non conveniens, or, in the alternative, to transfer venue. On August 9, 2017, Plaintiff filed his opposition to Defendant's motion to dismiss or transfer. (Plf.'s Opp'n, Dkt. No. 9.) On August 16, 2017, Defendant filed its reply brief. (Def.'s Reply, Dkt. No. 12.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." *Love*, 611 F.3d at 608.

### B. Motion to Dismiss Pursuant to Rule 12(b)(3)

A defendant may raise a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) in its first responsive pleading or by a separate pre-answer motion. Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d

1289, 1292 (9th Cir. 1998). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).

Even if the court determines that venue is proper, it may transfer for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). In either case, the decision to transfer is within the discretion of the court. 28 U.S.C. § 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (no abuse of discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, rather than transfer, for improper venue).

## III. DISCUSSION

### A. Evidentiary Objections

In Plaintiff's opposition, Plaintiff objects to portions of Mr. William Ogorzaly's declaration. (Plf.'s Opp'n at 7.) First, Plaintiff objects to paragraphs in which Mr. Ogorzaly declares that Defendant has not agreed to be subject to jurisdiction in California, that Defendant has not purposely availed itself to the benefits and protections of California, that Plaintiff's claims do not arise from or relate to activity conducted by Defendant in California, and that Defendant has no substantial connection with California. (Ogorzaly Decl. ¶¶ 17, 30, 37.) The Court SUSTAINS Plaintiff's objections, as these are legal conclusions.

Plaintiff also objects to Mr. Ogorazly's statements regarding "scraping," asserting that this is subject to expert opinion. (Plf.'s Opp'n at 7; Ogorzaly Decl. ¶ 33.) These statements are not relevant to the instant motion and were not considered by the Court; therefore, the Court OVERRULES Plaintiff's objection as moot.

In their reply, Defendant objects to Attorney Tracy Scanlan's declaration, on the basis that the declaration does not include any of the exhibits referenced in the declaration. (Defs.' Reply at 2.) Only after Defendant filed their reply did Plaintiff file the exhibits on the docket. (Dkt. No. 13.) Because Plaintiff did not timely provide the exhibits, Defendant did not have an opportunity to review or respond to the exhibits. The Court therefore SUSTAINS Defendant's objection, and

will not consider Attorney Scanlan's declaration.[1]

**B. Forum Selection Clause**

Defendant makes two primary arguments in support of dismissal or transfer. First, Defendant contends there is a valid forum selection clause, such that the case cannot be brought in any court other than those located in Colorado. (Def.'s Mot. at 6.) Based on the forum selection clause, Defendant seeks to either have the instant case dismissed or transferred to Colorado. Second, Defendant argues that the Court lacks personal jurisdiction over it, requiring dismissal of the case. (*Id.* at 7-15.) The Court concludes that the forum selection clause is enforceable, and that transfer of the case is appropriate.[2]

**i. Enforceability of the Forum Selection Clause**

"The enforceability of the forum selection clause in [Plaintiff]'s employment contract is controlled by *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), wherein the Supreme Court held that forum selection clauses are presumptively valid." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). Because a forum selection clause is presumptively valid, it should be honored "absent some compelling and countervailing reason." *Bremen*, 407 U.S. at 12. Thus, "[t]he party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons

---

[1] Plaintiff suggests that Defendant's evidentiary objection is improper per Local Rule 7-1. (Dkt. No. 13 ¶ 6.) Local Rule 7-3(c), however, requires that evidentiary objections to the opposition must be contained within the reply brief. To the extent Defendant requested that the Court strike the declaration, this request is moot as the Court has sustained Defendant's objection.

[2] Because the Court finds that the forum selection clause is enforceable, it need not analyze whether there is personal jurisdiction in this case. Courts have found that there is authority to transfer cases regardless of whether there is personal jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not"); *Dix v. Nova Benefit Plans, LLC*, Case No.: CV 14-08678-AB (FFMx), 2015 WL 12859222, at *2 (C.D. Cal. Aug. 25, 2015) ("In light of Plaintiffs' consent to transfer to the District of Connecticut and the Court's conclusion that transfer is appropriate under 28 U.S.C. § 1404(a), the Court need not separately determine whether it has personal jurisdiction over Defendant"); *Microsoft Corp. v. Hagen*, CIV-F-09-2094 AWI GSA, 2010 WL 11527312, at *1 (E.D. Cal. Aug. 30, 2010) (concluding that "[t]he court need not determine whether there is personal jurisdiction or proper venue" where the court was transferring the case to another district).

as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140 (quoting *Bremen*, 407 U.S. at 15.) Courts recognize three circumstances in which enforcement of a forum selection clause would be unreasonable: (1) if the inclusion of the forum selection clause was the product of fraud or overreaching, (2) if the party challenging the forum selection clause would effectively be deprived of his day in court if the clause is enforced, or (3) if enforcement would contravene a strong public policy of the forum in which the suit was brought. *Murphy*, 362 F.3d at 1140.

a. Fraud or Overreach

The Court finds that the Agreement's forum selection clause is not the product of fraud or overreach because there is no evidence of fraud or overreach. While Plaintiff states that he did not have any involvement regarding the forum selection clause, he does not suggest that he never had an *opportunity* to negotiate the forum selection clause, and in fact admits that he did edit the Agreement. (Balducci Decl. ¶ 31, Dkt. No. 8.) In any case, even if Plaintiff did not have the opportunity to negotiate the forum selection clause, "unequal bargaining power and non-negotiation of a forum-selection clause are not enough to negate the clause." *Pac. Health Advantage v. CAP Gemini Ernst & Young U.S. LLC*, No. C 07-1565 PJH, 2007 WL 1288385, at *2 (N.D. Cal. May 2, 2007) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)); *see also Murphy*, 362 F.3d at 1141 ("Murphy's assertions reduce to a claim of power differential and non-negotiability. This evidence, even accepted as true . . . is not enough to overcome the strong presumption in favor of enforcing forum selection clauses"). Absent actual evidence, the Court finds that Plaintiff fails to satisfy his heavy burden of proving that the forum selection clause is invalid based on fraud or overreach.

b. Deprivation of Day in Court

The Court also finds that there is inadequate evidence that it would be so burdensome to litigate the case in Colorado that Plaintiff would effectively be deprived of his day in court. In *Murphy*, the Ninth Circuit found that the plaintiff's sworn assertions of financial inability to litigate in Wisconsin were adequate to demonstrate that there was such exceptional burdens that the forum selection clause would effectively preclude his day in court. 362 F.3d at 1142. There, the plaintiff stated that he had a disability that prevented him from driving to Wisconsin, that his

United States District Court
Northern District of California

wife could not drive him, and that even with a driver, he could not sit for more than an hour. *Id.* Moreover, the plaintiff stated that since his accident, he had been unable to work, had earned no income, and that the truck he used to earn his livelihood had been repossessed. The plaintiff also detailed his financial situation, explaining that he and his wife lived on disability payments of less than $2,300 a month, and that the entirety of the combined disability payments were used to pay outstanding bills. *Id.* Based on such allegations, the Ninth Circuit found that the combination of the plaintiff's financial troubles and physical limitations effectively barred him from litigating his claim in Wisconsin. *Id.* at 1143.

In contrast, Plaintiff here only states that he was not paid for his work for Defendant, and that "[i]t would be very burdensome for me to travel to Colorado to litigate this case." (Balducci Decl. ¶ 32.) Plaintiff gives no detail of his financial situation, and does not suggest that he is financially incapable of litigating the case in Colorado. Plaintiff also does not explain why it would be burdensome for him to travel to Colorado. Such evidence is inadequate to show that litigating this case in Colorado would effectively deprive him of his day in court. *Compare with Storm v. Witt Biomedical Corp.*, No. C-95-3718 SI, 1996 WL 53624, at *4 (N.D. Cal. Jan. 23, 1996) ("Plaintiff asserts increased expense and inconvenience to himself and witnesses as hardships associated with having to litigate this matter in Florida. These difficulties are not the grave hardships that would deprive plaintiff of a meaningful day in court"); *Sharani v. Salviati & Santori, Inc.*, No. C 08-3854 SI, 2008 WL 5411501, at *3 (N.D. Cal. Dec. 29, 2008) (finding inadequate evidence of hardships where "plaintiffs offer no evidence of their financial status other than to state that they both have jobs" and "do not explain why counsel in this country would be less expensive than in England or why, as pro se plaintiffs, they have greater familiarity with the U.S. legal system").

c. Contrary to Public Policy

Finally, the Court concludes that enforcement of the forum selection clause would not be contrary to public policy. Plaintiff argues that the forum selection clause would violate California public policy because it would cause him to lose unwaivable rights, including his statutory rights to compensation for all hours worked, minimum wage, reimbursement for business expenses, and

failure to page wages on time. (Plf.'s Opp'n at 10.) In support, Plaintiff primarily cites to cases conducting choice of law analyses. *See Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227, 248 (2015) (finding choice of law provision unenforceable) *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318 (9th Cir. 2012) (same); *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 8 Cal. App. 5th 1, 10-18 (2017) (reversing trial court's decision to strike jury demand under choice of law principles).

Reliance on choice of law, however, is insufficient to show that the forum selection clause is invalid. Multiple courts in this district have concluded that "[a] forum selection clause cannot be conflated with choice of law analysis." *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C-11-cv-389 EMC, 2013 WL 146341, at *12 (N.D. Cal. Jan. 14, 2013) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1295-96 (9th Cir. 1998) ("The Supreme Court repeatedly recognized . . . that parties to an international securities transaction may choose law other than that of the United States, yet it never suggested that this affected the validity of a forum selection clause")). This is because "[a] forum-selection clause determines where an action will be heard, and is 'separate and distinct from choice of law provisions that are not before the court.'" *E. Bay Women's Health, Inc. v. gloStream, Inc.*, No. C 14-712 WHA, 2014 WL 1618382, at *3 (N.D. Cal. Apr. 21, 2014) (quoting *Besag v. Custom Decorators, Inc.*, No. 08-cv-5463 JSW, 2009 WL 330934, at *4 (N.D. Cal. Feb. 10, 2009). Thus, "[c]ourts in the Ninth Circuit have generally agreed that the choice-of-law analysis is irrelevant to determining if the enforcement of a forum selection clause contravenes a strong public policy." *Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-5530-WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015). "[A]bsent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue." *Id.*

Here, Plaintiff's arguments generally focus on choice of law, rather than a policy specifically related to venue. The only argument Plaintiff makes that is specific to venue concerns California Labor Code § 925, which states that an employer cannot require an employee who primarily resides and works in California "to adjudicate outside of California a claim arising in

California." Plaintiff concedes, however, that this section is not applicable to his situation, as "[t]his section shall apply to a contract entered into, modified, or extended on or after January 1, 2017." Cal. Labor Code § 925. Here, Plaintiff entered into the contract in July 2016. (Compl. ¶ 8.) At the hearing, Plaintiff argued that the Court should look at the underlying legislative history for the public policy, as the law was first introduced in February 2016. Plaintiff, however, does not cite to any authority in which a court looked to legislative history for a public policy, rather than an explicit statutory grant. Plaintiff also does not cite any authority in which legislative history was used to expand on a statute's effect, particularly when it would contradict statutory language limiting the applicability of the statute to a specific time period. Moreover, legislative history is typically used for purposes of statutory interpretation, and "[i]n interpreting statutes, [the courts] are not free to substitute legislative history for the language of the statute." *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 588 n.7 (9th Cir. 1981). It is also not clear that Plaintiff was required to enter into the forum selection clause given the unique facts of this case; as discussed above, Plaintiff presents no evidence that he had no opportunity to negotiate the clause, and indeed admitted that he was able to edit the contract. Thus, it appears Plaintiff had significant power to negotiate the contract, distinguishing his case from a typical adhesion contract.

Other than California Labor Code § 925, Plaintiff's arguments are focused on choice of law. A challenge to a choice of law provision is distinct from the forum because "[a]s a general matter, the selection of a forum does not always dictate the choice of law." *Meras Eng'g, Inc.*, 2013 WL 146341, at *12. Instead, courts have found it sufficient that the choice of law arguments can be made before the transferee court, and have declined to speculate how the transferee court will decide the issue. *Gamayo v. Match.com LLC*, Nos. 11-cv-762 SBA, 11-cv-1076 SBA, 11-cv-1206 SBA, 2011 WL 379542, at *6 (N.D. Cal. Aug. 24, 2011) ("With regard to the issue of whether Texas law affords the same protections as the CLRA, Plaintiff overlooks that the instant motion does not seek a choice of law determination. Rather, the resolution of which state's laws apply is for the Texas court to make"); *Rowen*, 2015 WL 899294, at *4 n.2 ("the mere ability to argue the application of California law means no foreclosure of remedy and prevents consideration of policies unrelated to venue"); *E. Bay Women's Health, Inc.*, 2014 WL 1618382, at *3

("plaintiff's argument that Michigan state laws might provide them with less protection than California's Unfair Competition Law is unavailing because it requires speculation as to the potential outcome of the litigation on the merits in the transferee forum). Applying this principal, courts have upheld forum selection clauses in cases involving employment agreements with forum selection and choice of law clauses, where there was no showing that the forum selection clause itself would foreclose a worker's rights. *E.g.*, *Meras*, 2013 WL 146341, at *1-2, 15 (enforcing forum selection clause in an employment agreement that contained non-compete provisions and a choice of law provision); *Rowen*, 2015 WL 899294, at *1-2, 7 (same); *Monastiero v. appMobi, Inc.*, No. C 13-5711 SI, 2014 WL 1991564, at *1, 6 (N.D. Cal. May 15, 2014) (enforcing forum selection clause in an employment agreement that contained a choice of law provision and a jury trial waiver).

Again, in the instant case, Plaintiff's public policy arguments focus on the choice of law provision and the jury trial waiver, rather than the forum selection clause. Plaintiff does not argue that litigating this case in Colorado would, in and of itself, deprive him of rights that he would be entitled to under California law. At the hearing, Plaintiff argued that this case was unique because the choice of law clause and the forum selection clause were "inextricably linked." Plaintiff did not, however, explain why the clauses were inextricably linked, and the Court disagrees that the choice of law clause would only apply if the case was heard in a Colorado court. Instead, the choice of law issue would need to be litigated even if the case remained in California, or if the case had been brought in another state. Notably, as discussed above, other courts have enforced forum selection clauses even when there was a similar choice of law clause. *Compare* Agreement ¶ 13 ("This Agreement shall be governed by and construed in accordance with the internal laws of the State of Colorado without giving effect to any choice or conflict of law provision or rule . . . that would cause the application of Laws of any jurisdiction other than those of the State of Colorado") *with Monastiero*, 2014 WL 1991564, at *1 (enforcing forum selection clause where the choice of law clause stated: "This Agreement shall be governed by and enforced in accordance with the laws of the Commonwealth of Pennsylvania without regard to its laws of conflicts of law").

Plaintiff also does not argue that he would be prevented from making his choice of law arguments in the Colorado courts. Notably, Plaintiff also does not address whether application of Colorado law in this case would deprive him of any statutory rights under California law; for example, Plaintiff does not suggest that Colorado law does not provide a means of seeking compensation for all hours worked, minimum wage, reimbursement of business expenses, and timely payment of final wages. Plaintiff also does not address whether Colorado law would permit a waiver of a right to a jury trial. In short, the Court finds that Plaintiff has failed to meet the heavy burden of demonstrating that the forum selection clause would be against public policy.[3] Thus, the Court concludes that the forum selection clause is enforceable.

**ii. Transfer Factors**

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for Western Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). Once a court finds that the forum selection clause is valid, however, the clause "should be given controlling weight in all but the most exceptional cases." *Id.* at 582. The presence of a valid forum selection clause changes the court's evaluation in several ways. First, a plaintiff's choice of forum is entitled to "no weight," and the burden is placed on the plaintiff to "establish[] that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581. Second, the court "should not consider arguments about the parties' private interests" because such considerations were waived by agreement to the forum selection clause. *Id.* at 582. The court should instead "deem the private-interest factors to weigh

[3] Plaintiff's reliance on *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141 (2015) is unavailing. There, the California Court of Appeal determined that the forum selection clause was unenforceable because it violated California's public policy on employee compensation. *Verdugo*, however, applied California law, focusing on the choice of law provision and placing the burden on the defendant to show that enforcement would not diminish unwaivable California statutory rights. *Verdugo*, 237 Cal. App. 4th at 144-45. This framework is contrary to federal law, and "[i]n diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000). Moreover, *Verdugo* does not address 28 U.S.C. § 1404(a). *See O'keeffe's Inc. v. Access Info. Techs. Inc.*, No. 15-cv-3115 EMC, 2015 WL 6089418, at *4 n.2 (N.D. Cal. Nov. 16, 2015) (distinguishing *Verdugo* because it "does not purport to apply 28 U.S.C. § 1404(a) and the rule of *Atlantic Marine*").

entirely in favor of the preselected forum." *Id.* While the district court may consider arguments about the public interest factors, such "factors will rarely defeat a transfer motion . . . ." *Id.*

Here, Plaintiff makes several arguments for why the case should not be transferred or dismissed. First, Plaintiff contends that Defendant waived its right to object to the venue by removing the instant case to federal court. (Plf.'s Opp'n at 18.) Plaintiff's argument lacks merit. Courts have generally found that "defendants do not waive the right to challenge venue based upon a forum selection clause simply by filing a removal petition." *Tokio Marine & Fire Ins. Co., Ltd. v. Nippon Express U.S.A. (Ill.), Inc.*, 118 F. Supp. 2d 997, 999 (C.D. Cal. 2000); *see also Great Am. Ins. Co. of N.Y. v. Nippon Yusen Kaisha*, No. 13-cv-31 NC, 2013 WL 3850675, at *3 (N.D. Cal. May 10, 2013) ("Although there is some variance among courts as to whether removal to federal court waives a challenge to venue, courts to have considered the issue when a forum selection clause is in play have found that removal does not waive a party's right to enforce the venue selected by the clause"); *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1994) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver'").

Second, Plaintiff suggests that forum non conveniens only applies when an alternate forum exists abroad. (Plf.'s Opp'n at 18.) It does not. Courts have applied forum non conveniens where the alternate venue was in another state. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 580 ("the appropriate way to enforce a forum-selection clause pointing to a **state** or foreign forum is through the doctrine of *forum non conveniens*").

Finally, Plaintiff argues that transfer of the case would not promote the interest of judgment. (Plf.'s Opp'n at 19.) In addition to reiterating the public policy arguments above, Plaintiff argues that transfer would violate the relevant public policy of the state. Neither of Plaintiff's cases, however, supports his argument. Both *Jones* and *Celtic International, LLC v. J.B. Hunt Transport* are distinguishable because they concern policies that specifically addressed venue. In *Jones*, there was a California statute which explicitly voided provisions in franchise

United States District Court
Northern District of California

agreements that restricted venue to a forum outside of California. 211 F.3d at 497. In *Celtic International, LLC*, there was a federal statute that limited which venues a shipper could sue in. 234 F. Supp. 3d 1034, 1040 (E.D. Cal. 2017). Here, in contrast, Plaintiff does not identify any policy that specifies what venue an employment case must be brought in. *Compare with Rowen*, 2015 WL 899294, at *4 (distinguishing *Jones* as a case in which the forum selection clause "contravenes a policy specifically related to venue"); *Fraser v. Brightstar Franchising LLC*, No. 16-cv-1966-JSC, 2016 WL 4269869, at *5 (N.D. Cal. Aug. 15, 2016) (distinguishing *Jones* because "California law specifically provided that California franchisees operating a franchise in California were entitled to a California venue for franchise agreement suits").

Finally, Plaintiff makes arguments that it does not make "logistical sense for Colorado to be the forum" because Defendant no longer operates in Colorado. (Plf.'s Opp'n at 19.) Such arguments go to the parties' private interests, which the Court cannot consider. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 582. Instead, the Court can only consider the public interest factors, such as the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, and the interest in having a diversity case in a forum that is at home with the law. As to the first factor, there is no showing that the Colorado federal courts have worse court congestion than the Northern District of California. As to the third factor, the Supreme Court has recognized that "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Constr. Co.*, 134 S. Ct. at 584. With respect to the second factor, while California has an interest in having the lawsuit decided in California:

> this interest is insufficient to prevent transfer in this case for three reasons. First, this limited interest does not outweigh all the private interest factors presumed to be in favor of the transferee forum and the controlling weight already given to the forum selection clause. *Atl. Marine Constr. Co., Inc*., 134 S. Ct. at 582-83. Second, the plaintiff's choice of forum generally merits no weight in this context. *Id.* at 581. Third, there are interests other than [the plaintiff's] at play, including those of [the defendant], a [Colorado] corporation that negotiated the contracts with [Colorado] venue and choice of law provisions . . . .

*Rowen*, 2015 WL 899294, at *7. The Court concludes that Plaintiff has not established that this is the "exceptional case" that defeats application of a valid forum selection clause, and will exercise

its discretion to transfer the case pursuant to the doctrine of forum non conveniens.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion and TRANSFERS the case to the United States District Court for the District of Colorado.

The Clerk of the Court shall transfer the case forthwith and terminate all motions and deadlines pending on the court docket.

IT IS SO ORDERED.

Dated: September 21, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California